

ᴄ̵ᴇ̃ᴛ D90579

...ED (Rev.5/13) General Civil Complaint

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

ROBB ENTERPRISES, LLC

                    Plaintiff(s),

v.

          ALI BEYDOUN
               and
     VENOY VALERO GAS STATION

              Defendant(s).

_____/

Case:2:16-cv-11205
Judge: Cohn, Avern
MJ: Whalen, R. Steven
Filed: 04-01-2016 At 01:21 PM
CMP Robb Enterprises v Ali Beydoun
(wh)

## COMPLAINT

I.    <u>Defendant(s)</u>.  Print the full name for each defendant.  If there are more defendants, use additional pages to provide their names.

### Name of Defendant(s)

1.     ALI BEYDOUN _____

2.     VENOY VALERO GAS STATION _____

3.   _____

4.   _____

5.   _____

II.   <u>Statement of claim</u>.  Briefly state the facts of your case.  Describe how each defendant is involved, and exactly what each defendant did, or failed to do.  Include names of any other persons involved, dates, and places.  You may use additional paper if necessary.

_____ SEE ATTACHMENT _____

_____

_____

ED (Rev.5/13) General Civil Complaint

III.   <u>Relief</u>.   Briefly state exactly what you want the court to do for you.

**SEE ATTACHMENT**

_____

_____

IV.    <u>Additional Information</u>. – Briefly enter any additional information, you may use additional paper.

SEE ATTACHMENT
_____

_____

_____

_____

_____

_____

V.    <u>Demand for Jury Trial</u>.   Check this box if you want your case to be decided by a jury, instead of a judge.

☐    Plaintiff demands a jury trial on all issues.

Dated: _____ 03/31/2016              *Rosario Robb.*
                                                    _____
                                                    Plaintiff's Signature

                                                    ROBB ENTERPRISES, LLC
                                                    _____
                                                    Plaintiff's Printed Name

                                                    244 Madison Avenue, Suite 313
                                                    _____
                                                    Street Address

                                                    New York, NY 10016
                                                    _____
                                                    City, State, Zip Code

                                                    646-242-1478
                                                    _____
                                                    Telephone Number

                                                    ricorobb@gmail.com
                                                    _____
                                                    E-mail Address

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION


ROBB ENTERPRISES, LLC, a New York Limited Liability Company,
      Plaintiff,

                                                Civil No.

v.

                                                Hon.

ALI BEYDOUN, an individual,
      and
VENOY VALERO GAS STATION, a Michigan corporation

Defendantss.

_____/


## ATTACHMENT TO COMPLAINT


## STATEMENT OF CLAIM

## NATURE AND SUBSTANCE OF THE ACTION

1.      Plaintiff files this action against Defendants for trademark dilution, trademark infringement, and false designation under the Lanham Act (15 U.S.C. §1051 et seq.).

2.      This lawsuit involves Defendants' intentional trading of Robb Enterprises ' goodwill by using a trademark that is confusingly similar to a trademark that is duly registered by Robb Enterprises, namely, CHING-A-LING. A copy of Plaintiff's trademark details are attached hereto as Exhibit A.

3.      Defendants' store, known as Venoy Valero Gas Station, with an address of 2910 Venoy Road, Wayne, MIchigan, 48184, displays and sells goods similar in nature and packaging to Plaintiff's goods. A photograph of Plaintiff's and Defendants' goods is attached hereto as Exhibit B.

4.      In bringing this lawsuit, Plaintiff seeks a temporary restraining order, a preliminary and permanent injunction, damages, treble damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the federal trademark and trademark dilution claims under 28 U.S.C. §§1331 and 1338(a).

6.      This action arises out of wrongful acts committed by Defendants in this judicial district and which subject Defendants to personal jurisdiction here.  Because a substantial part of the events giving rise to these claims occurred in this judicial district, venue is proper under 28 U.S.C. §1391(b)(2).  Moreover, Defendants knowingly and intentionally directed, targeted, and inflicted injurious consequences upon Plaintiff and other residents and citizens of the State of Michigan.

## THE PARTIES

7.      Plaintiff is a New York Limited Liability Company with its principal place of business in Manhattan, New York.

8.     Defendants are a For-Profit Corporation in Wayne County, Michigan, and operating with an address of 2910 Venoy Road, Wayne, Michigan 48184.

## FACTS COMMON TO ALL CLAIMS
### *Robb Enterprises Registered Trademark and Goodwill and Reputation*

9.     Plaintiff filed an application with the United States Patent and Trademark Office for the registration of the trademark CHING-A-LING on August 7, 2015 and such application has been published for opposition as of January 5, 2016.  The United States Trademark Application and Status for the trademark CHING-A-LING are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of Plaintiff's exclusive ownership of the trademark CHING-A-LING.

10.    Plaintiff has continuously used the trademark CHING-A-LING in connection with the promotion, advertising, and sale of dietary supplements since well before the acts of Defendants complained of herein.

11.    Plaintiff has spent millions of dollars and has expended significant effort in advertising, promoting, and developing the trademark CHING-A-LING throughout the United States.  As a result of such advertising and expenditures, Plaintiff has established considerable goodwill in the trademark CHING-A-LING.  The trademark CHING-A-LING has become widely known and recognized throughout the United States as a symbol of high quality dietary supplements.  The Trademark CHING-A-LING is well known and distinctive, and has become associated by the consuming public exclusively

with Robb Enterprises. The Trademark CHING-A-LING is an invaluable asset of substantial and inestimable worth to Plaintiff.

### *The Display and Sale of Products*

12.     The display and sale of goods that are confusingly similar in packaging, contents and name to that of Plaintiff's product constitute unfair competition, causes public confusion, as well as tarnishes Plaintiff's goodwill and reputation. The public recognizes, and often relies on the expectation, that goods with a similar name, packaging and contents with that of a company's goods are sponsored by, affiliated with, or somehow approved by that company.

### *Defendants' Infringements*

13.     Defendants knowingly and intentionally displayed and sold dietary supplements using packaging that is misleadingly similar to packaging used by Defendants for selling and displaying Plaintiff's dietary supplements. Defendants labelled his dietary supplements with the same name used by Plaintiff, namely, CHING-A-LING. Plaintiff's trademark registration application and status is attached to the Verified Complaint as Exhibit A. A photograph of the similar packages is attached to the Verified Complaint as Exhibit B.

14.     Defendants is not in any way affiliated or associated with Robb Enterprises and has absolutely no right to display and sell its dietary supplements in a confusingly similar package and with the same name used by Plaintiff.

15.     By displaying and selling goods with the same name as that used by Plaintiff, Defendants falsely represented and warranted that Defendants' use of the name CHING-A-LING did not interfere with the right of any third party, and that the name would not be used for any unlawful purpose.

16.     Defendants' use of the name CHING-A-LING causes public confusion and tarnishes the goodwill and reputation of Plaintiff.  In addition, the display and sale of a product with a name that uses the trademark of another company constitutes unfair competition.

## FIRST CLAIM FOR RELIEF
### (Trademark Dilution)

17.     The allegations set forth above are incorporated herein by this reference.

18.     The trademark CHING-A-LING is a famous trademark.  The trademark CHING-A-LING is inherently distinctive and has acquired distinctiveness.

19.     Plaintiff has extensively and exclusively used the trademark CHING-A-LING in commerce throughout the United States in connection with dietary supplements.

20.     Defendants' unauthorized use of CHING-A-LING dilutes the distinctive quality of, and tarnishes, the famous trademark CHING-A-LING in violation of 15 U.S.C. §1125(c)(1).

21.     Plaintiff is being irreparably harmed by Defendants' unlawful actions, and Plaintiff is entitled to an injunction prohibiting Defendants from using CHING-A-LING

to display and sell dietary supplements. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

22.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in the amount of TWO MILLION, THREE HUNDRED THOUSAND DOLLARS . In addition, Plaintiff is entitled to its costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### *(Trademark Infringement)*

23.     The allegations set forth above are incorporated herein by this reference.

24.     The trademark CHING-A-LING is inherently distinctive and has acquired secondary meaning. The public associates the trademark CHING-A-LING exclusively with Plaintiff's products. This is a result of the trademark CHING-A-LING inherent distinctiveness and of distinctiveness acquired through extensive advertising, sales, and use in commerce throughout the United States in connection with Plaintiff's dietary supplements bearing or using the trademark CHING-A-LING.

25.     By Defendants' unauthorized and unlawful actions, Defendants has, without Plaintiff's consent, used and/or is using in commerce a reproduction, counterfeit, copy, or colorable imitation of the trademark CHING-A-LING. Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114(1).

26.     By committing the acts alleged herein, Defendants has intentionally, knowingly, and willfully infringed Plaintiff's Marks.

27.     Because of Defendants' infringement, Plaintiff has been irreparably harmed in its business.  Moreover, Plaintiff will continue to suffer irreparable harm unless Defendants is restrained and enjoined from infringing Plaintiff's Marks.  Plaintiff is entitled to an injunction prohibiting Defendants from using CHING-A-LING to display or sell any dietary supplement. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

28.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in the amount of TWO MILLION, THREE HUNDRED THOUSAND DOLLARS.  In addition, Plaintiff is entitled to treble damages, punitive and its costs and attorneys' fees.  Defendants' actions are willful, wanton, and accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
*(False Designation of Origin)*

29.     The allegations set forth above are incorporated herein by this reference.

30.     By Defendants' unauthorized use of CHING-A-LING, Defendants has used a false designation of origin that is likely to cause confusion, mistake, or deception as to the connection of CHING-A-LING  with Plaintiff in violation of 15 U.S.C.  § 1125(a).

31.     Because of Defendants' conduct, Plaintiff has been irreparably harmed in its business.  Moreover, Plaintiff will continue to suffer irreparable harm unless Defendants is restrained and enjoined from making false designations of origin, false descriptions, or misrepresentations regarding CHING-A-LING, and Plaintiff is entitled to an injunction

prohibiting Defendants from using CHING-A-LING to display and sell any dietary supplement.   Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

32.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount of TWO MILLION, THREE HUNDRED THOUSAND DOLLARS.  In addition, Plaintiff is entitled to treble damages, punitive and its costs and attorneys' fees.   Defendants' actions are willful, wanton, and accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     That Defendants, and all of Defendants' agents, servants, employees, and attorneys, and all other persons in active concert or participation with him who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined from, without permission from Plaintiff:

(1)     using Plaintiff's Marks, any colorable imitations thereof, or any marks confusingly similar thereto;

(2)     transferring to anyone other than to the Court the name CHING-A-LING or any other names that use names, words, designations, or other symbols confusingly similar to Plaintiff's trademarks;

(3)     registering, maintaining registrations for, using, offering for sale, claiming ownership of, or in any other way using the name CHING-A-LING or any other names that point to, link to, or use names, words, designations, or other symbols confusingly similar to Plaintiff's trademarks; and

(4)     otherwise deceptively or unfairly competing with Plaintiff.

B.      That Defendants be ordered to disclose to the Court and to Plaintiff all other d
name registrations owned or registered by Defendants in order to permit the Court and
Plaintiff to consider whether any such other registration should be subject to other relief
in this matter.

C.      That Defendants be ordered to transfer to the Court the registration for the name
CHING-A-LING or any other names that point to, link to, or use names, words,
designations, or other symbols confusingly similar to Plaintiff's trademarks.

D.      That Plaintiff be awarded damages in an amount of  TWO MILLION, THREE
HUNDRED THOUSAND DOLLARS based on Defendants's:

  (1)      dilution of Plaintiff's Marks;

  (2)      infringement of Plaintiff's Marks; and

  (3)      false designations of origin, descriptions, and representations.

E.      That Plaintiff be awarded damages and restitution, in an amount of TWO
MILLION, THREE HUNDRED THOUSAND DOLLARS, under 15 U.S.C. §1117(a)
for the total profits received by Defendants from, and any damages sustained by
Plaintiff, as a result of, Defendants' actions.

F.      That Plaintiff be awarded under 15 U.S.C. §1117(a) enhanced damages, up to
three times the amount found as actual damages for Defendants' trademark infringement
and false designations of origin, descriptions and representations, in an amount of TWO
MILLION,THREE HUNDRED THOUSAND DOLLARS.

G.      That Plaintiff be awarded punitive damages for Defendants' oppressive,
fraudulent, and malicious acts of unfair competition.

H.     That Defendants be ordered to deliver to Plaintiff for destruction all labels, signs, prints, packages, wrappers, receptacles, advertising materials, or products that bear marks confusingly similar to Plaintiff's Marks, or that result in any unfair competition by Defendants against Plaintiff.

I.      That Defendants be ordered to make a written report within a reasonable  period, to be filed with the Court, detailing the manner of Defendants' compliance with the requested injunctive and mandatory relief above.

J.      That Plaintiff be awarded its reasonable attorneys' fees and costs of suit under 15 U.S.C.  §1117(a) and 35 U.S.C.  §285; and that Plaintiff be awarded such other relief as the Court may deem just and proper.


By: _____
RONRICO D. ROBB
PRESIDENT
ROBB ENTERPRISES, LLC
244 MADISON AVENUE, SUITE 313
NEW YORK, NY 10016
(646)-242-1478

DATED:        March 31, 2016.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MI-
CHIGAN SOUTHERN DIVISION

------------------------------------------------------------------------x

ROBB ENTERPRISES, LLC, a New York Limited Liability Company,

                                                        Index No.,

                     Plaintiff,

        -against-

ALI BEYDOUN, and

VENOY VALERO GAS STATION

                  Defendants.

————————————————————————————————x

## **INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A | Plaintiff Trademark Registration |
| B | Photograph of Plaintiff's product next to Defendant's infringing product |

# EXHIBIT A



Trademark Electronic Search System (TESS)

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 25 03:21:02 EDT 2016*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# CHING-A-LING

| | |
|---|---|
| **Word Mark** | CHING-A-LING |
| **Goods and Services** | IC 005. US 006 018 044 046 051 052. G & S: Dietary supplements. FIRST USE: 20120200. FIRST USE IN COMMERCE: 20120200 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86718789 |
| **Filing Date** | August 7, 2015 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | January 5, 2016 |
| **Registration Number** | 4922595 |
| **Registration Date** | March 22, 2016 |
| **Owner** | (REGISTRANT) Robb Enterprises, LLC LIMITED LIABILITY COMPANY NEW YORK Suite 313 244 Madison Ave New York NEW YORK 10016 |
| **Attorney of Record** | Morris E. Turek |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

Trademark Electronic Search System (TESS)

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT B

Plaintiff   Defendants



## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2016,  I electronically filed the foregoing paper with the clerk of the court using the ECF system which will send notification of such filing to the following:

1. **Ali Beydoun**
2910 Venoy Road, Wayne, Michigan, 48184

2. **Venoy Valero Gas Station**
2910 Venoy Road, Wayne, Michigan, 48184

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: NONE

*Ronrico Robb*

**RONRICO D. ROBB**
**Robb Enterprises, LLC**
**244 Madison Avenue**
**Suite 313**
**New York, NY 10016**
**646-242-1478**
**ricorobb@gmail.com**

# CIVIL COVER SHEET

County in which action arose ___ Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROBB ENTERPRISES, LLC

**(b)** County of Residence of First Listed Plaintiff ___ NEW YORK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

N/A

## DEFENDANTS

ALI BEYDOUN,
VENOY VALERO GAS STATION

County of Residence of First Listed Defendant ___ WAYNE
*(IN U.S. PLAINTIFF CASES ONLY)*

Case: 2:16-cv-11205
Judge: Cohn, Avern
MJ: Whalen, R. Steven
Filed: 04-01-2016 At 01:21 PM
CMP Robb Enterprses v Ali Beydoun
(wh)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☒ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
LANHAM ACT, 15 U.S.C. SEC 1051 et seq.

Brief description of cause:
Trademark Dilution, Trademark Infringement and False Designation

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ $2.3M
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE ___ N/A ___ DOCKET NUMBER ___ N/A

DATE 03/31/2016

SIGNATURE OF ATTORNEY OF RECORD ___ *Conrad Robb*

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

SUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?                    ☐ Yes

                                                                                                          ☒ No

     If yes, give the following information:

     Court: _____

     Case No.: _____

     Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other          ☐ Yes
            court, including state court? (Companion cases are matters in which      ☒ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

     If yes, give the following information:

     Court: _____

     Case No.: _____

     Judge: _____


Notes :                    NONE



# New Lawsuit Check List

**Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.**

| | |
|---|---|
| [X] | Two (2) completed **Civil Cover Sheets**. |

| | | |
|---|---|---|
| [X] | Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.<br><br>___2___ + 2 = ___4___ **Complaints.**<br><small># of Defendants        Total</small><br><br>Received by Clerk: ____ Addresses are complete. ____ | Case: 2:16-cv-11205<br>Judge: Cohn, Avern<br>MJ: Whalen, R. Steven<br>Filed: 04-01-2016 At 01:21 PM<br>CMP Robb Enterprises v Ali Beydoun<br>(wh) |

| | |
|---|---|
| [ ] | If any of your defendants are **government agencies**:<br>Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. |

| **If Paying The Filing Fee:** | **If Asking That The Filing Fee Be Waived:** |
|---|---|
| [X] Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>*Clerk, U.S. District Court*<br><br>Received by Clerk: ____ Receipt #: __090519__ | [ ] Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br>Received by Clerk: _____ |

**Select the Method of Service you will employ to notify your defendants:**

| **Service via Summons by Self** | **Service by U.S. Marshal**<br>(Only available if fee is waived) | **Service via Waiver of Summons**<br>(U.S. Government cannot be a defendant) |
|---|---|---|
| [X] Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br><br><br>Received by Clerk: ____ | [ ] Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>[ ] Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: _____ | [ ] You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

Rev. 4/13